In the Matter of the Claim of JOSEPHINE SIEVERS, Respondent, against REICH BROTHERS L. I. MOTOR FREIGHT, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Chauffeur, employed as driver of truck, was instructed to go from his home base to New York, get a load of goods and return with the loaded truck to his home base, which was in the same village where he lived, and about one mile distant therefrom. He was also to take the load of goods next day to Riverhead, it being necessary for him to start at six o'clock the following morning in order to make trip to Riverhead and return. He obtained the load of goods, started for his own home; left the truck standing outside. Next morning at five-thirty, a very cold morning, while cranking his truck preparatory to continuing his journey to Riverhead, he became ill from dilation of the heart. Employer claims he violated its rule, which required him to place the truck in the employer's yard at night. Violation of this rule did no more than to establish a fault on the part of the injured employee which does not prevent his having compensation. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MARY DE SANTIS, Respondent, against FRANK FOLCARO, Doing Business as ROYAL BOWLING ACADEMY, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Joseph De Santis, a minor, was injured on March 4, 1926, in the course of his employment, and as the result thereof sustained the loss of a leg. He died on March 31, 1927, as the result of the injury. A schedule award for the loss of the leg has been made payable to the mother of the deceased. The period covered by this award extends beyond the date of death. The mother is entitled to the award to the date of death and not beyond that time. (*Matter of Keenholts* v. *Bayer Co.*, 263 N. Y. 77.) Award reversed, with costs against the State Industrial Board, and matter remitted, to proceed in accordance with this decision. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MIKE DOBBINS, Respondent, against HATZEL & BUEHLER, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The appeal involves the wage rate as fixed under subdivision 2 of section 14 of the Workmen's Compensation Law. The corporate employer admitted in its first report of injury that claimant's wages were the amount adopted by the Board. During the hearings the carrier's representative in effect consented to the method adopted by the Board in fixing the compensation. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MIKE ANGELO, Respondent, against TRIANGLE BROOM AND BRUSH COMPANY, Respondent, and HOME INDEMNITY COMPANY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The question is of coverage. The policy was issued to a copartnership. One of the partners retired and the remaining partner continued the business under the same name at the same place. Claimant was injured while employed by the business being conducted by the remaining partner. (*Matter of Lipschitz* v. *Hotel Charles*, 252 N. Y. 518.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.