■ In the Matter of the Claim of WALTER FREDENBURGH, Respondent, against GEORGE BENJAMIN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Appellants Benjamin and Great American Indemnity Company both contend that the accident involved in this appeal did not arise out of claimant's employment; and the carrier alone argues that its policy did not cover this accident. The policy at the time of accident covered the copartnership of Benjamin Kolansky and George Benjamin. The claim was originally filed by claimant against Benjamin alone and the original finding of the board was that the claimant was employed by Benjamin and that the policy covered him; but an amended decision held that the partnership was claimant's employer. There is enough evidence in the record to sustain the amended finding. The truck in which the accident occurred was owned by Benjamin; and claimant had been paid by Benjamin for work done with the truck immediately before the accident. Claimant had, however, worked for the partnership and although there was a dispute between the partners at about the time of the accident in which they may then have been regarding themselves as each doing business on his own account the partnership relation was resumed after the accident. An affidavit of appellant Benjamin has been filed with the court on appeal in which it is stated that although at the time of the accident the truck was registered in his name it was " used for the purposes of the joint venture existing between him and the said Benjamin Kolansky ". This differs from Benjamin's testimony before the referee; but it tends to support the decision on appeal. Claimant testified that he did not know the exact details of the business and that Benjamin had told him that Kolansky and he were partners. Benjamin testified he had not told claimant that the work at the time of accident was being done for anyone other than the partnership. Both partners came to see claimant at the hospital after his injury. There is thus some evidence in support of a finding of the continuance of the partnership during the period in controversy; but even if it were deemed broken up and the business continued by Benjamin, the policy would ordinarily cover him. The mere dropping out of an insured partner does not vitiate the policy. (*Matter of Goldstein* v. *Goldstein,* 243 App. Div. 657; *Matter of Angelo* v. *Triangle Broom & Brush Co.,* 243 App. Div. 838.) Claimant testified under a factually disputed record that he was told by Benjamin to take the truck to a service shop for service and for him to wash it and then to take it to his own home where Benjamin would pick it up next day. While it was at the service station claimant washed the truck. He then went to get his dinner at a restaurant and because of the lack of space in the restaurant parking area, in order to turn the truck around to head it in the direction of his home he testified it was necessary to cross railroad tracks where the accident occurred. On this view the board could have found the accident occurred in the course of employment. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.