■ In the Matter of the Claim of HAROLD MARTELL, Respondent, v. WHITE-HALL CHAMBER OF COMMERCE et al., Appellants, and VILLAGE OF WHITEHALL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by Whitehall Chamber of Commerce and its carrier from a decision that it was the claimant's special employer. The claimant, a volunteer fireman, was injured on January 3, 1960, when he fell from a ladder while he was removing street decoration lights. The vice-president of the Chamber of Commerce of Whitehall, who was also a volunteer fireman, presented a proposal to Whitehall Volunteer Fire Company to erect and remove street lights and decorations in consideration of donations to be collected by the Chamber. It was intended that the money received would be used by the fire company to purchase equipment. The president of the fire company pursuant to a majority vote appointed certain firemen to do the work, some of whom may have been volunteers and one of whom was the claimant. The fire company furnished the ladder and tools. The Village of Whitehall was solicited for a donation by the Chamber, passed a motion to give the Chamber $200 and gave to the fire company a check for $200 payable to the fire company. The Town of Whitehall also gave to the fire company its check for $200 payable to the company. The Chamber of Commerce filed an employer's report of injury in which it stated that the claimant was " Removing Street Christmas Decorating Lights " in response to the question " What was employee doing when accident occurred? " Thereafter compensation benefits were paid to the claimant at the rate of $20 per week for several weeks but subsequently the appellants raised a controversy. The board said: " Claimant's attorney objects to the Referee disallowance of the claim with findings that claimant was not employed by the Whitehall Chamber of Commerce; that claimant was an active volunteer member of the Whitehall Volunteer Fire Co., Inc., and the injuries sustained were not in the line of firemanic duties. Claimant's attorney contends claimant's injuries arose out of and in the line of duty and that claimant was engaged by the Whitehall Chamber of Commerce. "Claimant, a volunteer fireman, was injured on January 3, 1960 when he fell from a ladder while he was removing street Christmas decoration lights. The vice-president of the Chamber of Commerce who is also a volunteer fireman, presented the proposition to the Volunteer Fire Co. to do the work. The Chamber of Commerce was to pay for the job. The Fire Co. would use the money for equipment. The Town

Board and the Village of Whitehall each paid the Fire Department the sum of $200 for putting up the lights. Claimant was ordered by the Chief of the Volunteer Fire Department to put up the lights and take them down. "Upon review of the record the Board finds the removal of street Christmas decorations does not fall within any category listed under duties and activities as provided by Section 5 of subdivision 1 of the Volunteer Fireman's Benefit Law. The Board finds, however, that claimant was employed by the Fire Department, a general employer, who directed and authorized claimant's assignment to do the work for the Chamber of Commerce as special employer. Claimant was injured while doing such work for the Chamber of Commerce and liability is established against the Whitehall Chamber of Commerce as special employer." It is to be noted that the board made no finding that the general employer had surrendered control of the claimant to the Chamber of Commerce or that the Chamber of Commerce exercised control over the claimant. In *Matter of Schweitzer* v. *Thompson & Norris Co.* (229 N. Y. 97), an order affirming an award made under the Workmen's Compensation Law was reversed and the claim was dismissed. At page 99 the court said: "It is well settled that one may be in the general service of another and nevertheless with respect to particular work may be transferred with his own consent or acquiescence to the service of a third person so that he becomes the servant of that person with all the legal consequences of the new relation. (*Standard Oil Co.* v. *Anderson,* 212 U. S. 215, 220.) Difficulty frequently arises in determining when this transfer of relationship takes place. The rule was stated in this court in *Hartell* v. *Simonson & Son Co.* (218 N. Y. 345, 349) to be the following: 'A servant in the general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes for the time being, the servant of the borrower, who is liable for his negligence. But if the general employer enters into a contract to do the work of another, as an independent contractor, his servants do not become the servants of the person with whom he thus contracts, and the latter is not liable for their negligence.'" In *Matter of Goodman* v. *Stone & Webster Eng. Corp.* (11 A D 2d 558, 559), we observed that the right to control is an important factor in determining whether special employment exists. Billie Fragnoli testified that he participated in the installation of the lights but not in their removal and that at the time of installation he was both a volunteer fireman and the vice-president of the Chamber of Commerce. The report of injury of the Chamber of Commerce stated that the name of the foreman was "Billie Fragnoli" but, as Billie Fragnoli had a dual capacity, his partial participation in the work contracted to be performed does not permit an inference either as to control or surrender of control. And there is no other evidence in the case either of control by the Chamber or relinquishment of control by the fire company. "The rule now is that as long as the employee is furthering the business of his general employer by the service rendered to another, there will be no inference of a new relation unless command has been surrendered, and no inference of its surrender from the mere fact of its division". (*Charles* v. *Barrett*, 233 N. Y. 127, 129, CARDOZO, J.) On the entire record there is no substantial evidence that the claimant was a special employee of the appellant employer. That the Chamber carried compensation insurance does not create employment status where none otherwise exists (*Mattr of Green* v. *Nannen & Sons*, 20 A D 2d 139, 140). Decision reversed, and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.