■ In the Matter of the Claim of MARY E. GREFE, Respondent, v. TRACTOR RENTALS, INC., et al., Appellants, and JOSEPH GOVERNALE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which made an award of death benefits against appellants Tractor Rentals, Inc., and Reliance Insurance Company, its carrier, upon the finding "that on the job on which decedent was injured, Joseph Governale was the general contractor and Tractor Rentals Incorporated a subcontractor, and that at the time of the accident herein, decedent was an employee of Tractor Rentals Incorporated and covered by the policy of workmen's compensation insurance issued to said corporation by the Reliance Insurance Company." Appellants contend that the record does not support the board's finding with respect to the parties' relationship; and assert that " Governale and Tractor Rentals, Inc., together as a joint venture were subcontractor on the cesspool job on which [decedent] was killed [and that the] said joint venture was not covered by Workmen's Compensation insurance." Joseph Governale, an excavating contractor, entered into a written contract, whereby he, as " Contractor", agreed with certain named " Owners " to perform the work of excavation and grading of a raceway site. Shortly thereafter he entered into an oral contract with the same owners for the construction of a septic system on the site, for a fixed contract price. As Governale was not equipped to do this work he made arrangements for its performance by Tractor Rentals, Inc., which the board has found to be his subcontractor and decedent's employer. Governale testified that his agreement was with Tractor Rentals, Inc., and that decedent was its employee; and appellant carrier, which issued separate policies of workmen's compensation insurance to both Governale and Tractor Rentals, Inc., conceded, before the Referee and before the board panel, first, that Governale's arrangement, whatever its legal nature, was with Tractor Rentals, Inc., and, second, that decedent was that corporation's employee; and, even without recourse to any concessions, the board's finding of each of these two facts is supported by substantial evidence, largely uncontradicted, if at all. Governale, pursuant to his agreement with Tractor, paid directly for all material and labor, except that he paid to Tractor, by his checks to its order, the costs of the operation of Tractor's crane, at least to the amount of decedent's wages for operating it; and Tractor's report of accident designated decedent as its employee. There is nothing in this record to remove the issue respecting Governale's and Tractor's relationship and the issue of decedent's employment status from the area of factual determination committed to the board and the decision thereof, being grounded on substantial evidence, must be affirmed. Upon findings of employment status in a factual situation not unlike this, we sustained awards in *Matter of Johnson* v. *Watson Bros. Gravel Bed* (23 A D 2d 927, mot. for lv. to app. den. 16 N Y 2d 484). Thus we need not reach the argument in the Attorney-General's brief that the Governale-Tractor agreement lacked certain of the elements essential to a joint venture and hence that the board could not, in any event, have found the existence of such a status. We may observe, nevertheless, that appellants cite no apposite authority in support of their contention that the employees of a corporation entering a joint venture become exclusively the employees of the venture and are no longer protected by the corporation's workmen's compensation insurance coverage; although, as here, they continue upon the corporation's payroll and continue their usual work under the corporation's direction and control. Indeed, such authority as does exist is to the contrary, holding the joint venturers and their several carriers " jointly and severally liable for injuries to an employee of the joint venture." (*Fallone* v. *Misericordia Hosp.*, 23 A D 2d 222, 226, affd. 17 N Y 2d 648;

*Industrial Comm.* v. *Lopez,* 150 Col. 87; *Clawson* v. *General Ins. Co. of America,* 90 Idaho 424; *Johnston Grain Co.* v. *Self,* 344 P. 2d 653 [Okla.].) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.