■  In the Matter of the Claim of OSCAR NICHOLAS, Respondent, v. FITZGIBBONS BOILER CO., INC., Respondent, and STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the insurance carrier, the State Insurance Fund, from a decision of the Workmen's Compensation Board, filed October 17, 1967, which reformed the insurance contract to cover the employer as a "debtor in possession".

The question here is one of coverage under the policy which was written to cover "Fitzgibbons Boiler Co., Inc." as employer. Claimant was injured on December 30, 1964. A workmen's compensation insurance policy had been issued by the carrier to the employer which expired on September 30, 1964. On or about September 2, 1964, the carrier received information indicating that an involuntary petition in bankruptcy had been filed against the employer. On October 1, 1964 the carrier renewed the policy of insurance effective October 1, 1964 and terminating September 30, 1965. The policy contained a provision that the carrier "shall not be bound by any assignment or change of interest under this policy unless its consent shall be endorsed hereon or attached hereto signed by a duly authorized representative". On December 8, 1964 the employer was adjudicated a bankrupt and, by order of the Referee in Bankruptcy dated December 22, 1964, the employer was appointed debtor in possession. By letter dated February 24, 1965, the carrier's field service department advised the treasurer of the employer corporation that it would be necessary to cancel the policy effective December 22, 1964, and issue a new policy to the employer as debtor in possession effective December 22, 1964. The application enclosed with the letter was completed and returned to the carrier together with the premium deposit requested. A binder was issued by the carrier on March 5, 1965 effective on that date rather than as of December 22, 1964. The policy issued on October 1, 1964 was cancelled as of December 22, 1964, and the excess premium refunded. On March 15, 1965, the carrier advised the employer that the statement in the letter dated February 24, 1965 that the new policy would be effective as of December 22, 1964, was unauthorized. On March 19, 1965 the carrier mailed the notice of cancellation required by subdivision 5 of section 54 of the Workmen's Compensation Law. At a hearing held on May 17, 1965, the carrier, for the first time, raised the issue of coverage contending that "Fitzgibbons Boiler Company, Inc." and "Fitzgibbons Boiler Company, Inc., Debtor-in-Possession" were two separate and distinct entities and that, therefore, there was an assignment or change of interest under the policy, and that its liability terminated upon such assignment or change in interest. The risk covered by the policy was not otherwise altered, and it is not disputed that the claimant suffered a compensable injury. The injury was reported on January 5, 1965, and the carrier commenced making disability payments to the claimant herein on or about January 7, 1965, and continued these payments until March 11, 1965, when payments were suspended pending a medical report. Payments were, therefore, made after knowledge of the appointment of the corporation as debtor in possession. There is sufficient evidence that the corporation and the carrier acted pursuant to the provisions of the policy after the carrier knew of the change of status of the corporation. "The decision extending the coverage of the policy is supported by evidence and sanctioned by law." (*Matter of Engler* v. *Regent Bindery,* 272 App. Div. 843, mot. for lv. to app. den., 297 N. Y. 1034; see, also, *Matter of Lipschitz* v. *Hotel Charles,* 226 App. Div. 839, affd. 252 N. Y. 518; *Matter of Greenstein* v. *Kastonowitz,* 261 App. Div. 858, mot. for lv. to app. den. 261 App. Div. 1011.) The intent to cover the business of the Fitzgibbon Boiler Co., Inc. is clear. The status of the corporation as owner in possession or debtor in possession is relatively unimportant. (See *Matter of Greenstein* v. *Kastonowitz, supra.*) Fundamentally, the business was being operated by the corporation itself, the named insured, albeit in a different capacity. In essence, however, the only change in operation was that the property and fruits of the business were held by the corporation in trust for its creditors, and for distribution to the creditors subject to the supervision and order of the court. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J.,

Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.