■ In the Matter of the Claim of NATHANIEL THOMAS, Respondent, v. STAN DIAMOND et al., Respondents, and EMANUEL SPIER, Doing Business as AMERICAN FIG & DATE CO., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its compensation insurance carrier from a decision of the Workmen's Compensation Board holding that the Uninsured Employer's Fund was not obligated to reimburse appellant-carrier and that the appellant-carrier's sole source for reimbursement was the uninsured employer personally. Following a determination that the claimant was in the dual employment of appellant-employer and one Stan Diamond, an uninsured employer, with joint and several liability and the appellant-carrier's payment of the entire award, assertedly pursuant to a request of the Referee and the board, the appellant-carrier sought reimbursement of one half of the award paid from the Uninsured Employer's Fund. The sole question presented here is the propriety of the board's denial of this request. The finding of dual employment is a factual determination which lies with the board, and an award can be made against either employer, or both (e.g., *Matter of Cook* v. *Buffalo Gen. Hosp.,* 308 N. Y. 480; *Matter of Janikowski* v. *Yardleys of London,* 11 A D 2d 577). Moreover, the board has much discretion in apportioning the award between the employers, once dual liability is established (e.g., *Matter of Berkman* v. *Billig Mfg. Co.,* 9 A D 2d 810). Here, however, the board did not apportion the award but instead found joint and several liability. The Fund admits, in the record, that it would be liable in an apportionment situation but urges that since an apportionment was not made and instead joint and several liability found it need not reimburse the appellant-carrier. And it would maintain this position despite the fact that the Fund, itself, would be liable for the *entire* award had the claimant sought satisfaction from the Fund in the first instance. In our opinion this position is not sustainable in law or logic. We find no direct precedent controlling this case nor does the noticeably scant legislative history of section 26-a of the Workmen's Compensation Law provide any insight on the present case. As a case of first impression, it

is obvious that the difference between an award apportioned 50% against each employer and an award of joint and several liability, is solely one of legal procedure (the latter requiring a suit for contribution), and not one of substance. This difference removed, each party against whom such an award is returned is called to share equally. The "joint and several" award is thus in effect really a convenience for the injured party, whereby he can satisfy his judgment from c the party held liable to him, leaving the party to his own avail in order to collect half the satisfaction from the other. The fact that the other was not sued for satisfaction in the first instance should not release him from liability. Thus, just as the Fund would be liable upon an apportioned award, assuming default, and just as it would be liable for the entire amount of a joint and several award were claimant to seek satisfaction solely against the uninsured defaulting employer, so too it is liable for reimbursement here, where the award happened to be joint and several, and the total award was paid by the carrier of the insured employer. Both qualitative and quantitative liability are the same here, and the point in time at which liability attaches is precisely similar. An interpretation of the words "joint and several liability", as used here, by which the Fund is able to escape liability either entirely, or by substituting the uninsured special employer in its stead, would place an entirely undue emphasis on the technicality of labels and on the fortuity of a claimant seeking satisfaction of his award against one employer instead of the other or both. Decision reversed and case remitted for further proceedings, with costs to appellants against the Uninsured Employer's Fund. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.