In the Matter of the Claim of JOHN LANE, Respondent, *v.* COSMOPOLITAN MUTUAL INSURANCE COMPANY, Respondent, and GREAT AMERICAN INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 13, 1975.

*Linden & Gallagher* (*Cornelius V. Gallagher* of counsel), for appellants.

*Harry H. Nussbaum* for John Lane, respondent.

*Kenneth Thomas Edson, P. C.,* and *Lawrence Feldman* for Cosmopolitan Mutual Insurance Company, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal from a decision of the Workmen's Compensation Board, filed August 17, 1973, which found that the workmen's compensation policy issued by respondent Cosmopolitan Mutual Insurance Company (hereinafter Cosmopolitan) to employer Suval Industries (hereinafter Suval) was canceled prior to claimant's injury, and, hence, appellant Great American Insurance Company (hereinafter Great American) was solely responsible for claimant's award.

On or about April 9, 1969 Cosmopolitan was advised that its insured, Suval, was being merged into or absorbed by the Whittaker Corporation. The record contains a document which Whittaker caused to be delivered to Cosmopolitan which recited that it was a release of a policy and declared that the policy was to be canceled. It is undisputed that as of April 9, 1969 Great American was the insurance carrier for Whittaker and as of that date was extending coverage for the employees involved in the take-over of Suval. The claimant suffered compensable injuries on April 11, 1969. Cosmopolitan did not send the notice of cancellation of the former policy required by subdivision 5 of section 54 of the Workmen's Compensation Law until about three and one-half months after the accident. Great American does not dispute the board's finding that Suval Industries had been " absorbed " by Whittaker and the claimant's claim for compensation names the employer as being a division of some other corporation. Upon the present record, there is evidence that the insured under Cosmopolitan's policy had ceased to exist or do business and, accordingly, there is substantial evidence to support the factual finding of the board that as of the time of the accident there was no dual coverage and Great American was solely responsible as carrier.

The general rule which would preclude relieving a carrier such as Cosmopolitan from liability for dual coverage when an accident occurs prior to the issuance of a notice of cancellation pursuant to subdivision 5 of section 54 of the Workmen's Compensation Law is inapplicable upon the present set of facts which establish that not only was there a new insurance carrier with new coverage but that also the named insured had been absorbed by another entity. Great American's claim of an estoppel arising out of a position adopted by Cosmopolitan in regard to an unrelated claim is without merit.

The decision should be affirmed, without costs.

GREENBLOTT, J. (dissenting).  I am unable to agree with the conclusion of the majority which rests upon a finding that the insured under Cosmopolitan's policy had ceased to exist.  If this had been the case, Cosmopolitan's policy would not have to have been canceled, for there would have been no insurable interest, and thus any question as to when cancellation had become effective would be moot.  However, the record clearly reveals that employer's reports of injury were filed by the original employer, Suval Industries, Inc., and that this case has been processed against Suval Industries, Inc.  That Suval was somehow "absorbed" by Whittaker did not deprive Suval of its corporate existence.

Nor can I agree that the document purporting to be a release of Cosmopolitan's liability under its policy can be given effect.  Not only is it well established that a policy cannot be effectively canceled without strict compliance with statutory requirements even where the employer agrees (*Matter of Otterbein* v. *Babor & Comeau Co.*, 272 N. Y. 149; *Matter of Horn* v. *Malchoff*, 276 App. Div. 683, mot. for lv. to app. den. 301 N. Y. 814), but it further appears here that said release was executed on April 17, 1969 (the accident having occurred on April 11, 1969), purporting to be effective on April 9, 1969.  In my view, considerations of fairness and justice as well as the spirit of the statute stand in the way of permitting retroactive cancellations of compensation insurance policies.

In these circumstances, the result must be governed by a strict application of subdivision 5 of section 54.  Clearly, Cosmopolitan failed to give the notices which would have been required under that statute to effectuate cancellation as of April 9, 1969.  Given that failure, Cosmopolitan is not entitled to relief under the acceleration proviso in subdivision 5 merely because the employer had secured coverage with another carrier.  A carrier is only entitled to have the effective date of cancellation accelerated under the proviso if that carrier has in the first instance fully complied with the statute by giving notice which fully conforms in all respects with its requirements.  If the carrier has not given requisite notice, it is not to be rewarded merely because the employer has been diligent.  It is readily within the carrier's power to effect cancellation as of a given date by full compliance with the notice provisions of subdivision 5, and such cancellation may be accelerated if the employer secures other coverage in the interim; but it is not the intendment of the statute to accelerate cancellation because of the employer's diligence and thus reward the carrier where that carrier has not

satisfied its statutory obligations (cf. *Matter of Malkotsis* v. *Vogiatzis*, 35 N Y 2d 794, revg. 43 A D 2d 625, where a carrier who had not complied with the notice requirements of subdivision 5 was not relieved of liability even though the employer had secured other coverage prior to the date on which the first carrier sought to make cancellation effective and prior to the date of the accident).

I would reverse the decision and remit to the board for further proceedings.

MAIN, J. (dissenting). I respectfully dissent.

That the cancellation of a workmen's compensation insurance policy is ineffective absent the strictest compliance by the canceling carrier with the notice requirements of subdivision 5 of section 54 of the Workmen's Compensation Law has only recently been reaffirmed in *Matter of Malkotsis* v. *Vogiatzis* (35 N Y 2d 794) and *Matter of Van Deurs* v. *Regency Cabinet Corp.* (42 A D 2d 452). In my opinion, the majority decision in the present matter not only undermines this long-established principle, but also either avoids or misconstrues the settled law on the precise question presented here as it is stated by Presiding Justice FOSTER in *Matter of Horn* v. *Malchoff* (276 App. Div. 683, mot. for lv. to app. den. 301 N.Y. 814).

In *Matter of Horn* (*supra*), there was a new carrier admittedly on the risk at the time of the compensable injury, but the statutorily required written notice of cancellation was not submitted by the canceling carrier until four days after the injury. Such being the case, the court found there to be dual coverage because: "the saving clause as to the effect of other insurance applies only to the period after the notice has been given and before the cancellation date fixed therein has been reached." (*Matter of Horn, supra,* p. 685.) To the same effect is *Matter of Mioducki* v. *Herbert Burman, Inc.* (18 A D 2d 852, 853) where, in a similar situation, the cancellation was found to be effective "since the accident occurred within the period after notice had been given and before its effective date was reached".

Turning to the facts in the instant case, we find a delay in submitting the required notice of more than three and one-half months, not just a few days, and, therefore, the argument is even stronger here for a finding of dual coverage. Moreover, the fact that Suval was somehow absorbed by Whittaker Corporation can have no effect on this result. Suval was the named insured throughout these proceedings and filed the employer's reports of injury, and, absent compliance with the statute, neither the request of the insured nor an agreement between the

insurer and the insured will suffice to bring about a cancellation of coverage (*Matter of Horn, supra*) which can only be properly effectuated "just as the statute says it must be" (*Matter of Conklin* v. *Byram House Rest.*, 32 A D 2d 582, 583, affd. 30 N Y 2d 657). To hold otherwise would subvert the primary purpose of the law, which is to protect the employee and assure him appropriate benefits, by denying the commissioner an opportunity to see that adequate new coverage is provided before the canceling carrier goes off the risk (*Matter of Lorer* v. *Gotham Concrete & Cement Finish Corp.*, 8 A D 2d 221).

The decision should be reversed, and the matter remitted to the board for further proceedings.

KANE and LARKIN, JJ., concur with HERLIHY, P. J.; GREEN-BLOTT and MAIN, JJ., dissent and vote to remit for further proceedings in separate opinions.

Decision affirmed, without costs.