### (September 15, 1977)

■ In the Matter of the Claim of OWEN C. REED, Respondent, v INTER-

NATIONAL TALC CO., INC., Appellant, and STATE INSURANCE FUND et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 2, 1975, which imposed upon the appellant, International Talc Co., Inc., the sole responsibility to pay claimant's award. Determination of this appeal was withheld and the matter was remitted to the board for a finding as to the terms of the insurance contract between the appellant and its insurer, the State Insurance Fund (see 55 AD2d 754). The policy, the terms of which are now a part of the record, insured the employer against workmen's compensation liability "in respect to all business operations and locations conducted by *this* employer" (emphasis supplied). The talcosis suffered by claimant Reed, who was never an employee of International Talc, was manifestly not incurred in the course of any business operation of International Talc. Reed became afflicted while working for the W. H. Loomis Talc Corporation 12 years before that entity was merged into International Talc. The policy does not insure International Talc against liabilities it assumed via merger. The case of *Matter of Lane v Cosmopolitan Mut. Ins. Co.* (47 AD2d 183) is not to the contrary. There the injury to the claimant occurred after the merger of the two employer corporations. Decision affirmed, with costs to the respondents filing briefs against the employer. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.