■ In the Matter of the Claim of JOSEPH VASQUEZ, Respondent, v GOTHAM HOTEL et al., Respondents, and STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 15, 1982. Claimant sustained a compensable back injury on January 6, 1980 while working as a room service waiter at the Gotham Hotel in New York City. The board found that there was dual coverage by the Zurich Insurance Co. (Zurich) and the State Insurance Fund (Fund) and that they were each responsible for 50% of claimant's benefits. The Fund appeals. None of the respondents has filed a brief on this appeal. Despite the fact that the Fund's insured, 700 Fifth Avenue Management Co., Inc., sold the Gotham Hotel to Zurich's insured, Nova Park New York, Inc., on September 1, 1979, the board found that the Fund was on the risk on January 6, 1980, the date of claimant's accident. The board based this finding upon the testimony of the Fund's underwriter, who explained that its policy issued to 700 Fifth Avenue Management Co., Inc., was not canceled until March 5, 1980, shortly after the Fund learned of the sale. There must be a reversal. The Fund's contractual liability under its policy of workers' compensation insurance is based upon its insured's liability for workers' compensation, and its insured is liable only if claimant's injuries arose out of and in the course of his employment with the insured (see Workers' Compensation Law, § 10). Thus, joint venturers and their several carriers are jointly and severally liable for injuries to an employee of the joint venture (*Matter of Grefe v Tractor Rentals,* 30 AD2d 747, mot for lv to app den 22 NY2d 646). Here, however, there is no evidence that claimant was injured in a joint venture involving the Fund's insured. To the contrary, the record shows conclusively that the Fund's insured sold the hotel prior to claimant's injury and that while the former manager remained at the hotel for some period of time as a consultant, claimant was in the employ of and paid by Zurich's insured. There is nothing in the record to indicate that the Fund's insured merely changed its legal status and continued to operate the hotel (see *Matter of Foster v Foster Collision,* 60 AD2d 739; *Matter of Nicholas v Fitzgibbons Boiler Co.,* 30 AD2d 1013). Rather, the facts admit of no other conclusion than that the operation of the hotel in which claimant worked was assumed by another entity, which had its own workers' compensation coverage, and that the latter entity's compensation carrier is solely liable for compensable injuries occurring thereafter (*Matter of Lane v Cosmopolitan Mut. Ins. Co.,* 47 AD2d 183, affd 40 NY2d 943). Although the record is unclear as to the exact date of the takeover, there is little doubt that it occurred before claimant was injured. Finally, we note that the board's reliance upon the Fund's failure to cancel its policy until after claimant's accident as the basis for its conclusion that the Fund was on the risk is misplaced. The existence of compensation insurance does not create the required employment relationship between the insured and the claimant where none otherwise exists (*Matter of Martell v Whitehall Chamber of*

*Commerce,* 23 AD2d 511). Decision reversed, with costs to the State Insurance Fund against the Zurich Insurance Co., and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.