■ In the Matter of the Claim of DEBRA K. AYERS, Respondent, v GORDON HAKES, Doing Business as PAINTED POST CAR MART, et al., Appellants, and UTICA MUTUAL INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [689 NYS2d 281] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed August 28, 1997, which, *inter alia*, ruled that the insurance policy issued by Utica Mutual Insurance Company did not cover claimant's injury.

During the summer of 1990, claimant developed problems with her hands while working as a horse groom. At the time, she was on the payroll of Painted Post Car Mart, a business owned by Gordon Hakes, which was engaged in buying and selling cars, trucks, recreational vehicles and trailers as well

as horses and cattle. Claimant performed her horse grooming duties at a farm owned by Gordon Hakes' brother, Larry Hakes, who operated a business known as Freeborn Arabian Training Center. Claimant was eventually diagnosed with carpal tunnel syndrome. As a result of her inability to continue to perform her duties as a groom, claimant was terminated in May 1992. She filed a claim for workers' compensation benefits.

Thereafter, hearings were held before a Workers' Compensation Law Judge (hereinafter WCLJ) to consider, *inter alia*, the issue of workers' compensation coverage. Utica Mutual Insurance Company provided workers' compensation insurance to Gordon Hakes, doing business as Painted Post Car Mart, beginning in June 1991. The WCLJ found it to be the proper carrier. The Workers' Compensation Board subsequently modified the decision and rescinded the findings of notice and coverage. The case was continued and, on November 13, 1996, the WCLJ issued a decision finding, *inter alia*, that claimant worked exclusively for Gordon Hakes, doing business as Painted Post Car Mart, and that Utica Mutual was the proper carrier. On August 28, 1997, the Board modified the decision and ruled, *inter alia*, that Utica Mutual's policy did not cover the claim, that claimant was employed by Gordon Hakes and Larry Hakes and that the Hakeses were jointly and severally liable for the claim as an uninsured employer. This appeal ensued.

Turning first to the scope of coverage afforded by the Utica Mutual policy, substantial evidence supports the Board's finding that the policy did not cover the claim at issue. Although the policy provided workers' compensation coverage as of the date of disablement (November 21, 1991), it covered the business activities of Gordon Hakes, doing business as Painted Post Car Mart, specifically relating to automotive repair, sales and office personnel. The policy did not mention farm-related activities, horse grooming and/or stabling and Utica Mutual did not underwrite such coverage at the time. It is undisputed that claimant's duties were almost completely devoted to grooming horses at Larry Hakes' farm and that this repetitive activity caused her injury. We note that she was listed as an office employee of Gordon Hakes on forms completed in connection with premium audits conducted by Utica Mutual in 1991 and 1992. Inasmuch as it appears that claimant's job was inaccurately represented to Utica Mutual and that the policy did not by its terms cover the type of activity in which she was engaged at the time of her disablement, substantial evidence supports the Board's conclusion that the claim was not covered (*see generally, Matter of Holmes v Cornell Univ.*, 106 AD2d 781).

In addition, there is substantial evidence in the record to support the Board's conclusion that claimant worked for both Gordon Hakes and Larry Hakes and that they bear responsibility for the award of benefits. We note that "[t]he finding of dual employment is a factual determination which lies with the board, and an award can be made against either employer, or both" (*Matter of Thomas v Diamond*, 33 AD2d 602). Here, there was evidence that claimant worked at Larry Hakes' farm grooming horses while she was on Gordon Hakes' payroll. She received her paychecks from Gordon Hakes. Both Larry Hakes and Gordon Hakes owned horses at the farm and claimant testified that she was answerable to both. Larry Hakes provided the equipment and supervised claimant's activities on a day-to-day basis. It was he who claimant notified when she discovered her injury. The foregoing reveals that claimant worked for both Gordon Hakes and Larry Hakes and, therefore, the Board properly found a dual employment relationship.

We conclude, however, that it was error for the Board to impose joint and several liability upon the Hakeses for the award of benefits. The imposition of joint and several liability is appropriate where an employee is injured through the activities of employers who have entered into a joint venture (*see, Matter of Vasquez v Gotham Hotel*, 93 AD2d 929; *Matter of Grefe v Tractor Rentals*, 30 AD2d 747, *lv denied* 22 NY2d 646). There is insufficient evidence in this record that the Hakeses participated in a joint venture. Accordingly, the matter should be remitted to the Board for further development of the record to determine whether a joint venture existed and, if not, the Board should apportion liability between Gordon Hakes and Larry Hakes.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is modified, on the law, without costs, by reversing so much thereof as imposed joint and several liability for the award of benefits on Gordon Hakes and Larry Hakes; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.