## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: February 9, 2017      522905
_____

In the Matter of the Claim of
    JOHN BARRETT,
                 Claimant,

     v

NEW YORK CITY DEPARTMENT OF        MEMORANDUM AND ORDER
    TRANSPORTATION,
                 Appellant.

WORKERS' COMPENSATION BOARD,
                 Respondent.
_____

Calendar Date: January 13, 2017

Before: Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

_____

     Zachary W. Carter, Corporation Counsel, New York City (Paul M. Zaragoza of counsel), for appellant.

     Eric T. Schneiderman, Attorney General, New York (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

_____

Devine, J.

     Appeal from a decision of the Workers' Compensation Board, filed June 22, 2015, which ruled, among other things, that claimant sustained a 25% loss of wage-earning capacity.

     Claimant was injured in a work-related motor vehicle accident in 2011 and was awarded workers' compensation benefits. In April 2014, claimant returned to work. In a decision filed in July 2014, a Workers' Compensation Law Judge (hereinafter WCLJ)

classified claimant as having a permanent partial disability and a loss of wage-earning capacity of 25%. The WCLJ found that no awards of compensation were due at that time since claimant had returned to work at full wages, but that, should that situation change, he would be entitled to a maximum of 250 weeks of benefits based upon his 25% loss of wage-earning capacity. Upon review, the Workers' Compensation Board affirmed the WCLJ's determination and the employer appeals.

We affirm. The employer argues that claimant's compensation must be calculated based upon his wage-earning capacity pursuant to Workers' Compensation Law § 15 (5-a) and that, because he was working at full wages, his wage-earning capacity was 100% at the time of classification and that the finding of a 25% loss of wage-earning capacity was accordingly unlawful.

The term "loss of wage-earning capacity" was added in 2007 as part of the reform of the Workers' Compensation Law (see Workers' Compensation Law § 15 [3] [w], as added by L 2007, ch 6, § 4), and "is used at the time of classification to set the maximum number of weeks over which a claimant with a permanent partial disability is entitled to receive benefits" (Matter of Till v Apex Rehabilitation, 144 AD3d 1231, 1233 [2016]). In contrast, wage-earning capacity is used to determine a claimant's weekly rate of compensation (see Workers' Compensation Law § 15 [5-a]). As this Court recently explained in detail, "the legislative history makes clear that 'wage-earning capacity' and 'loss of wage-earning capacity' are to be used for separate and distinct purposes" (Matter of Till v Apex Rehabilitation, 144 AD3d at 1233). Indeed, "[u]nlike wage-earning capacity, which can fluctuate based on the claimant's employment status, loss of wage-earning capacity was intended to remain fixed" (id. at 1233 n 2). In light of the separate and distinct purposes for the calculation of a loss of wage-earning capacity and the wage-earning capacity, the Board was free to establish the duration of claimant's benefits by classifying him with a 25% loss of wage-earning capacity in order to set a fixed durational limit on potential benefits.

Peters, P.J., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court