■ In the Matter of the Claim of FRANK J. DE RUGGIERO, Respondent, v CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [55 NYS3d 493]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 15, 2015, which ruled, among other things, that claimant sustained a 35% loss of wage-earning capacity.

In November 2010, claimant, a high-pressure plant tender, was injured in a work-related accident and was awarded workers' compensation benefits. Thereafter, in February 2012, claimant was involved in another work-related accident when the ladder that he was using broke, causing him to fall to the ground and sustain various injuries—some of which overlapped with the injuries sustained during the previous accident. Claimant again received workers' compensation benefits and, in September 2013, claimant returned to work at his preaccident wages.

In April 2014, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, classified claimant as having a permanent partial disability and a 50% loss of wage-earning capacity. Inasmuch as claimant had returned to work at full wages, no compensation was awarded, but the WCLJ found that, should claimant's situation change, he would be entitled to wage loss benefits not to exceed 300 weeks. Upon administrative review, the Workers' Compensation Board modified the WCLJ's decision, finding that claimant had a 35% loss of wage-earning capacity and would be entitled to post-classification wage loss benefits not to exceed 275 weeks. This appeal by the employer ensued.

We affirm. The employer argues that, because claimant returned to work full time at his preaccident wages, claimant's wage-earning capacity at the time of classification was 100%; therefore, the employer's argument continues, the Board's finding that claimant sustained a 35% loss of wage-earning capacity was in error and unlawful. The employer's argument on this point ignores the fact that the terms "wage-earning capacity" (*see* Workers' Compensation Law § 15 [5-a]) and "loss of wage-earning capacity" (*see* Workers' Compensation Law § 15 [3] [w]) "are to be used for separate and distinct purposes" (*Matter of Barrett v New York City Dept. of Transp.*, 147 AD3d

1167, 1168 [2017] [internal quotation marks and citation omitted]). As this Court recently reiterated, "wage-earning capacity is used to determine a claimant's weekly rate of compensation," whereas "loss of wage-earning capacity . . . is used at the time of classification to set the maximum number of weeks over which a claimant with a permanent partial disability is entitled to receive benefits" (*id.* at 1167-1168 [internal quotation marks and citations omitted]). "Unlike wage-earning capacity, which can fluctuate based on a claimant's employment status, loss of wage-earning capacity [is] intended to remain fixed" (*Matter of Till v Apex Rehabilitation*, 144 AD3d 1231, 1233 n 2 [2016] [citation omitted]). Contrary to the employer's assertion, "[t]he durational limits imposed by Workers' Compensation Law § 15 (3) (w) do not distinguish between claimants who are employed at the time of classification and those who are not" (*id.* at 1233). Accordingly, "the Board was free to establish the duration of claimant's benefits by classifying him with a [35%] loss of wage-earning capacity in order to set a fixed durational limit on potential benefits" (*Matter of Barrett v New York City Dept. of Transp.*, 147 AD3d at 1168).

To the extent that the employer challenges the specific percentage loss of wage-earning capacity determined by the Board, we find that the Board's decision is supported by substantial evidence. The Board took into account the fact that claimant had returned to work, but it also considered the evaluations performed by the employer's consultant and claimant's treating physician and the resulting opinions rendered relative to the extent of claimant's impairment. Inasmuch as the Board's finding that claimant suffers from a "moderate" impairment and is capable of performing only "medium duty work" is entirely consistent with the record evidence, we discern no basis upon which to disturb the Board's decision.

McCarthy, J.P., Garry, Rose and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.