■ In the Matter of the Claim of ROBERTO PEREZ, Appellant, v BRONX LEBANON HOSPITAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [52 NYS3d 920]—

Mulvey, J. Appeal from a decision of the Workers' Compensation Board, filed August 15, 2016, which ruled, among other things, that claimant sustained a 10% loss of wage-earning capacity.

Claimant injured his back at work in 2012 and was awarded workers' compensation benefits. He returned to work in November 2013. In 2016, a Workers' Compensation Law Judge found that claimant has a permanent partial disability and a loss of wage-earning capacity of 10%. This determination was affirmed by the Workers' Compensation Board on administrative review and claimant now appeals.*

Claimant contends that, because he had returned to work at full wages, the Board erred in finding that he had a 10% loss of wage-earning capacity. We disagree. The loss of wage-earning capacity "is used at the time of classification to set the maximum number of weeks over which a claimant with a permanent partial disability is entitled to receive benefits" (*Matter of Till v Apex Rehabilitation*, 144 AD3d 1231, 1233 [2016]; accord *Matter of Barrett v New York City Dept. of Transp.*, 147 AD3d 1167, 1167-1168 [2017]). In comparison, wage-earning capacity is used to determine a claimant's weekly rate of compensation (*see* Workers' Compensation Law § 15 [5-a]). As this Court has recently explained, wage-earning capacity and

---

* While the employer now challenges the finding of a permanent partial disability, it did not appeal or cross-appeal the Board's determination, and, therefore, "it may not secure affirmative relief from this [C]ourt" (*Matter of Hawes v Dime Sav. Bank of N.Y.*, 156 AD2d 892, 893 [1989]).

loss of wage-earning capacity "are to be used for separate and distinct purposes" (*Matter of Till v Apex Rehabilitation*, 144 AD3d at 1233; *accord Matter of Barrett v New York City Dept. of Transp.*, 147 AD3d at 1168). While wage-earning capacity "can fluctuate based on a claimant's employment status," the loss of wage-earning capacity remains fixed after the time of classification (*Matter of Till v Apex Rehabilitation*, 144 AD3d at 1233 n 2; *see Matter of Barrett v New York City Dept. of Transp.*, 147 AD3d at 1168). In other words, "the determination of a claimant's loss of wage-earning capacity is designed to establish duration of benefits, a finding which is unrelated to the traditional purpose of Workers' Compensation Law § 15 (5-a), which is to calculate the weekly benefit rate" (*Matter of Till v Apex Rehabilitation*, 144 AD3d at 1233). Accordingly, despite the fact that claimant was working at full wages, the Board was entitled to establish the loss of wage-earning capacity, which sets a fixed durational limit on potential benefits in the event that claimant incurs a subsequent reduction of wages as the result of his work-related injuries (*see Matter of Barrett v New York City Dept. of Transp.*, 147 AD3d at 1168). Claimant's remaining claims have been considered and found to be without merit.

Garry, J.P., Lynch, Rose and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.