Matter of Oyola v New York City Dept. of Sch. Food & Nutrition Servs. (2018 NY Slip Op 00368)





Matter of Oyola v New York City Dept. of Sch. Food & Nutrition Servs.


2018 NY Slip Op 00368


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

524511

[*1]In the Matter of the Claim of OLGA OYOLA, Claimant,
v
NEW YORK CITY DEPARTMENT OF SCHOOL FOOD & NUTRITION SERVICES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Zachary W. Carter, Corporation Counsel, New York City (John E. Schemitsch of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York City (Donya Fernandez of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed April 18, 2016, which ruled that claimant sustained a 70% loss of wage-earning capacity.
Claimant, a cafeteria worker, tripped and fell while at work, and the ensuing workers' compensation claim was established for injuries to her back, left elbow, left knee and left

shoulder. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant with a permanent partial disability and found that she had a 70% loss of wage-earning capacity and would be entitled to wage loss benefits for 375 weeks should she stop working (see generally Workers' Compensation Law § 15 [3] [w] [vii]). The employer appealed from the decision and argued that claimant could not be found to have a loss of wage-earning capacity given that she had returned to work and was earning her preaccident wages. The Workers' Compensation Board disagreed and affirmed, prompting this appeal.
We affirm. Loss of wage-earning capacity is set at the time of classification and refers to "the maximum number of weeks over which a claimant with a permanent partial disability is [*2]entitled to receive benefits" (Matter of Till v Apex Rehabilitation, 144 AD3d 1231, 1233 [2016], lv denied 29 NY3d 909 [2017]; see Workers' Compensation Law § 15 [3] [w]). As such, "despite the fact that [a] claimant [is] working at full wages, the Board [is] entitled to establish . . . loss of wage-earning capacity, which sets a fixed durational limit on potential benefits in the event that [a] claimant incurs a subsequent reduction of wages as the result of his [or her] work-related injuries" (Matter of Perez v Bronx Lebanon Hosp. Ctr., 151 AD3d 1159, 1160 [2017]). The Board's decision falls squarely within this rule, and the employer's argument that this Court has left any ambiguity on the issue is without merit (see Matter of Perez v Bronx Lebanon Hosp. Ctr., 151 AD3d at 1160; Matter of De Ruggiero v City of N.Y. Dept. of Citywide Admin. Servs., 150 AD3d 1493, 1494 [2017]; Matter of Barrett v New York City Dept. of Transp., 147 AD3d 1167, 1167-1168 [2017]). Accordingly, we will not disturb the Board's decision.
McCarthy, J.P., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.