Matter of Smith v Park (2018 NY Slip Op 03584)





Matter of Smith v Park


2018 NY Slip Op 03584


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525437

[*1]In the Matter of the Claim of VICKY S.T. SMITH, as Administrator of the Estate of ALEX K. SMITH, Deceased, Appellant,
v
LUKE M. PARK et al., Doing Business as PARK FAMILY FARM, Respondents, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Aaron Zimmerman, Syracuse, for appellant.
Mackenzie Hughes LLP, Syracuse (Ryan T. Emery of counsel), for Luke M. Park and others, respondents.
Barbara D. Underwood, Acting Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed April 6, 2017, which ruled that the employer was insured by the State Insurance Fund and awarded workers' compensation death benefits.
In July 2015, Alex K. Smith (hereinafter decedent), then 14 years old, was killed while operating a skid steer owned by the Park Family Farm in the Town of Homer, Cortland County. Decedent's accident was unwitnessed, but Luke M. Park, one of the partners comprising Park Family Farm, and another individual found decedent crushed beneath a large bale of hay at the front of the skid steer. Park Family Farm had obtained workers' compensation coverage through [*2]the State Insurance Fund (hereinafter SIF) under a policy covering the period from December 31, 2014 to December 31, 2015. The policy in question was issued to Luke Park and his father, Michael R. Park, doing business as Park Family Farm. Up until December 31, 2014, Park Family Farm operated as a father and son partnership. On that date, Michael Park withdrew from the partnership, and the partnership thereafter consisted of Luke Park and the Luke Park 2014 Special Business Trust, a trust that he had formed. Although the subject insurance policy required that SIF be apprised of any change in ownership, the only stated consequence for failing to provide the required notice was a potential revision in the experience rating used to determine the premium due and owing.
Against this backdrop, claimant — decedent's mother and the administrator of his estate — filed a claim for workers' compensation death benefits in March 2016, as well as an amended claim in June 2016. When the parties first appeared before a Workers' Compensation Law Judge (hereinafter WCLJ), SIF accepted the claim, notwithstanding Park Family Farm's denial that decedent was an employee thereof, and the matter was continued for the development of various issues, including the identity of the proper employer. Following a hearing in June 2016, wherein SIF reiterated its acceptance of the claim, the WCLJ determined, among other things, that decedent was an illegally employed minor of Park Family Farm at the time of his death and awarded claimant and decedent's father $25,000 each in death benefits. Claimant's mother returned SIF's check and pursued administrative review — seeking a ruling that Park Family Farm did not have workers' compensation coverage in effect at the time of decedent's death and, hence, was an uninsured employer. Park Family Farm also sought review by the Workers' Compensation Board. The Board rejected claimant's assertion that Park Family Farm was uninsured at the time of decedent's death and found that the WCLJ properly awarded death benefits to both of decedent's parents. However, because decedent's employment was illegal due to his age, the Board awarded each of decedent's parents $50,000 under the double indemnity provisions of Workers' Compensation Law § 14-a (1), bringing the total death benefit award to $100,000 — with Park Family Farm alone bearing the cost of the increased death benefit (see Workers' Compensation Law § 14-a [2]). Claimant now appeals, again contending that Park Family Farm was an uninsured employer at the time of decedent's death.[FN1]
We affirm. Contrary to claimant's assertion, neither the stated name nor the structural composition of the insured is determinative of coverage; rather, it is the intent to cover the risk insured against that is controlling (see Matter of Foster v Foster Collision, 60 AD2d 739, 739 [1977]; Matter of Nicholas v Fitzgibbons Boiler Co., 30 AD2d 1013, 1014 [1968]; Matter of Fredenburgh v Benjamin, 2 AD2d 912, 912 [1956]; Matter of Lipshitz v Hotel Charles, 226 App Div 839, 840 [1929], affd 252 NY 518 [1929]; compare Matter of Vasquez v Gotham Hotel, 93 AD2d 929, 929 [1983]). Stated another way, "[t]he mere dropping out of an insured partner does not vitiate the policy" (Matter of Fredenburgh v Benjamin, 2 AD2d at 912, citing Matter of Goldstein v Goldstein, 243 App Div 657 [1935] and Matter of Angelo v Triangle Broom & Brush Co., 243 App Div 838 [1935]). Here, SIF accepted the claim and acknowledged that coverage was afforded by the policy at issue, thus evidencing its intent to cover the subject risk. [*3]Further, and as noted previously, the only stated consequence of failing to apprise SIF of a change in ownership was a potential change in the amount of the premium due. Under these circumstances, the change in the composition of Park Family Farm as occasioned by Michael Park's withdrawal therefrom did not vitiate the policy and, therefore, we discern no basis upon which to disturb the Board's finding of coverage.
Lynch, Devine, Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the Parks ask this Court to clarify the Board's decision in certain respects, "as . . . nonappealing part[ies], [they] may not secure affirmative relief from this [C]ourt" (Matter of Hawes v Dime Sav. Bank of N.Y., 156 AD2d 892, 893 [1989]; see Hecht v City of New York, 60 NY2d 57, 61-62 [1983]; Matter of Perez v Bronx Lebanon Hosp. Ctr., 151 AD3d 1159, 1159 n [2017]).